**STATE, Plaintiff-Appellee, v. PHILLIPS, Defendant-Appellant.**

Ohio Appeals, Seventh District, Jefferson County.

No. 1059. Decided December 11, 1952.

Robert L. Quinn, Steubenville, for plaintiff-appellee.
Murphy & George, Steubenville, for defendant-appellant.

## OPINION

By PHILLIPS, J.

Defendant's arrest by the Ohio State Police, trial before, judgment of conviction, and imposition of sentence by the Mayor of Brilliant, Ohio, and affrmance of that judgment by a judge of the court of common pleas upon appeal thereto, are based upon his knowingly allowing mud to be dropped from the dual wheels of a coal truck he was operating on Ohio State Route No. 7 onto that highway in the village of Brilliant in violation of §6307-72a GC, which reads:

"No person shall place or knowingly drop upon any part of a highway, lane, road, street or alley, any tacks, bottles, wire, glass, nails or other articles, except such substances that may be placed there by proper authority for the repair or construction thereof, which may damage or injure any person, vehicle, street car or trackless trolley or animal traveling along or upon such highway."

Assuming, but not determining, as viewing this appeal as we do we need not, that defendant knowingly allowed mud to be dropped on Ohio State Route No. 7, as charged in the affidavit filed in the mayor's court of Brilliant, the question presented to this court by defendant's appeal on questions of law from the judgment of the court of common pleas is whether, as urged by his sole assignment of error, "the final order and judgment of the common pleas court of Jefferson County, Ohio, convicting the defendant and affirming the final order of the trial court is contrary to law."

Under the rule of ejusdem generis we interpret strictly, as a criminal statute must be interpreted and construed, the words of that section of the code "other articles" to be limited to "the same kind, class or nature as those specifically enumerated" therein, namely "tacks, bottles, wire, glass, nails," in which class mud in our opinion is not included. See **George H. Dingledy Lumber Co. v. Erie Railroad Co., 102 Oh St 236.**

In the opinion written in the Dingledy case the court said:—

"The principle of construction known as ejusdem generis therefore should be applied in determining what is included in the term 'by fire or otherwise.' The application of that rule would require that where an enumeration of specific things is' followed by some more general word or phrase, such general word or phrase should be held to include only things of the same general nature as those specified."

If, as argued by the state, the intent of the legislature was to protect the travelling public from injury from all articles dropped upon a highway, lane, road, street or alley, it did not make that intent clear to this court.

Probably most operators of motor vehicles on public highways of the state are familiar with how unsightly mud dropped upon an improved highway in residential, open country, or other areas is, and how dangerous it can become to the operation of a motor vehicle, but in the section for violation of which defendant was charged the legislature has not concerned itself with the ascetics of the matter, nor specifically included mud with tacks, bottles, wire, glass and nails.

Notwithstanding the apparent pressing needs of such legislation this court can not concern itself with the ascetics of the matter, nor read into that statute something the legislature has seen fit to leave out.

We are not called upon to, and accordingly do not, decide whether defendant could have been convicted of the offense with which he is charged under some other section of the Code.

It is obvious from what we have said that the judgment of the court of common pleas must be and hereby is reversed as contrary to law, and coming now to render the judgment that court should have rendered final judgment is entered for defendant and he is discharged hereby.

NICHOLS, PJ, GRIFFITH, J, concur.